## APONTE, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas, denegatoria de la inscripción de una escritura de compraventa.

No. 436.—Resuelto en noviembre 25, 1919.

OTORGANTES ANALFABETOS—TESTIGOS INSTRUMENTALES—ESCRITURAS PÚBLICAS.— El Registrador de la Propiedad de Caguas denegó la inscripción de una escritura de compraventa ''porque dicho documento no aparece firmado de acuerdo con la sección 14 de la Ley Notarial vigente, toda vez que habiendo consignado el notario que los vendedores no sabían firmar y lo verificaba por ellos el testigo instrumental Onofre Aponte, al verificarlo éste no consigna los nombres y apellidos de los otorgantes vendedores por quienes lo hacía,

cuya falta produce la no constancia de las firmas en la forma exigida por el estatuto * * *." Recurrida dicha nota *se resolvió:* que tal omisión no constituye defecto alguno puesto que siendo dos solamente los vendedores especificados en la escritura y no sabiendo firmar ninguno de ellos, no existe ambigüedad alguna.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Rafael Arce.*

El registrador recurrido, Sr. Pedro Gómez, no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una escritura de compraventa en la cual el comprador firmó personalmente, no haciéndolo así los vendedores. La cláusula de la escritura en la cual el notario da fé del otorgamiento, dice así: Leída que les fué esta escritura porque renunciaron al advertírsele el derecho que tenían de hacerlo por sí, se ratificaron y firman, con excepción de los vendedores, que dijeron no saberlo hacer, verificándolo por ellos el testigo instrumental Sr. Onofre Aponte." Según se consigna en la escritura, los vendedores eran dos, a saber: los esposos don Francisco Martínez Montañez y doña Justina Hernández. El registrador se negó a inscribir el documento por no consignar el testigo instrumental los nombre y apellidos de los otorgantes vendedores por quienes él firmó. En otras palabras, sostiene el registrador que expresar que el testigo instrumental firmó a nombre de los vendedores no es bastante sino que sus nombres específicos debieron haberse expresado en la cláusula arriba citada de la escritura en la cual se da fé del otorgamiento. Pudiéramos ver alguna fuerza en esta objeción si los vendedores hubieran sido más de dos y hubiese sido necesario especificar cuál de ellos no sabía escribir, pero en el presente caso son solamente los únicos dos vendedores los que no saben escribir. No es posible que haya ambigüedad alguna cuando se usa en plural la palabra "vendedores", y resulta de la escritura que éstos son solamente dos. El testigo instrumental oyó leer la escritura y sabe necesariamente a quiénes se refería exclusiva-

mente la palabra "vendedores". *Certum est quod certum reddi potest.* La nota recurrida debe ser revocada.

*Revocada la nota.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.