TELÉSFORA GARCÍA y GUILLERMA ZAYAS, demandantes y apelantes, *v.* EMILIO FERNÁNDEZ y su esposa MARÍA PÉREZ RÍOS; RAMONA CALDAS, JULIÁN FERNÁN DÍAZ MORALES, PASCUAL BORRÁS, ANTONIO GUARCH, JOSÉ GARRIGA MÁS y CELIA PÉREZ CLEMENTE, demandados y apelados.

No. 3725.—*Visto:* Diciembre 15, 1925. *Resuelto:* Julio 8, 1926.

1. FRAUDE—ACCIONES—EVIDENCIA—SUFICIENCIA DE LA MISMA.—En esta acción— sobre nulidad de declaratoria de herederos, de partición de herencia e ins-

cripciones—se resolvió que la prueba sobre fraude aportada era muy escasa para destruir traspasos constantes en escrituras públicas inscritas en el registro.

2. ALEGACIONES—ALEGACIONES ENMENDADAS Y SUPLEMENTARIAS Y NUEVAS ALEGACIONES *(Repleader)*—PERMISO PARA ENMENDAR—SOLICITUD DE PERMISO Y RESOLUCIÓN SOBRE AQUELLA—PARTE CONTRARIA—DERECHO A SER OIDA POR LA CORTE ANTES DE ESTA RESOLVER.—Solicitado permiso para archivar una contestación enmendada, ésta se notificó a la parte contraria desde su presentación a la corte y dicha parte nada objetó hasta el día del juicio en que pidió la eliminación por el motivo de que la corte no oyó a dicha parte antes de resolver sobre la admisión de dicha alegación enmendada. *Se resolvió:* que la corte no venía obligada a oir a dicha parte antes de resolver sobre la admisión de dicha contestación enmendada.

3. APELACIÓN Y ERROR—REVISIÓN—ERRORES NO PERJUDICIALES—EVIDENCIA QUE NO AFECTA AL RESULTADO DE UN CASO.—Si bien la admisión de una deposición tomada ante notario y que éste entregó abierta, a uno de los abogados de una de las partes, es errónea, sin embargo el error no es perjudicial cuando además de probada su autenticidad dicha evidencia es prueba acumulativa y su admisión, según la corte inferior, en nada cambiaba el resultado a que ella había de llegar en la consideración del caso.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando sin lugar la demanda y la contra-demanda, sin costas. *Confirmada.*.

*V. F. Rodríguez Ortiz,* y *F. González Fagundo,* abogados de las apelantes; *Acuña & Janer,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Telésfora García y Guillerma Zayas alegando ser herederas de Ramona Calderón entablaron demanda solicitando la nulidad de cierta declaratoria de herederos, de una partición de herencia y de varias inscripciones en el registro de la propiedad, todo en relación con una finca rústica situada en Caguas.

Se admite por ambas partes que en junio de 1873 Pascual Borrás vendió a Julián Morales la finca de que se trata.

Las demandantes alegan que Julián Morales estaba casado desde 1865 con Ramona Calderón, madre y abuela, respectivamente, de las demandantes y que como Morales murió sin dejar ascendientes ni descendientes ni otros parientes que su viuda, ésta heredó la finca, y que como Ramona Calderón jamás se desprendió de la indicada finca y

las demandantes son sus únicas herederas, la finca les pertenece. Y alegan además las demandantes que cierta declaratoria de herederos de Julián Morales hecha por el Juez Sarmiento en 1892 a favor de un hijo natural y cierta partición de la herencia de Morales otorgada en el propio año de 1892 por el hijo natural y la viuda Ramona Caldas y varias transferencias de la finca en cuestión constantes en escrituras públicas inscritas en el registro de la propiedad, la primera de las cuales lleva fecha 13 de mayo de 1892, son nulas por estar viciadas de fraude.

Fué el pleito a juicio y la corte declaró la demanda sin lugar. Para fundar su sentencia escribió el juez de distrito una opinión de quince páginas en la que relaciona y analiza la prueba documental y testifical aportada y concluye que las demandantes no probaron en forma alguna el fraude que alegaron.

[1] Hemos analizado cuidadosamente las alegaciones, las pruebas y los alegatos y a nuestro juicio la sentencia dictada debe confirmarse. Pocas veces se habrá llevado a los tribunales un pleito de esta naturaleza contando con tan escasa prueba para destruir traspasos constantes en escrituras públicas inscritas en el registro.

La única circunstancia que introduce confusión es la de que en la partida de matrimonio que presentaron las demandantes aparece el nombre de su causante como Ramona Calderón que ellas sostienen que es el verdadero, mientras que en la partición de 1892 y en la primera transferencia de igual año figura Ramona Caldas como la viuda de Julián Morales, pero la prueba testifical demostró de modo convincente que si pudo existir variedad en el nombre, se trataba en verdad de una sola persona.

Siendo ese el resultado de la prueba, no incurrió en error la corte sentenciadora al reconocer como válidas la escritura de partición y la de venta.

[2] Los errores que señalan las apelantes en relación con el permiso que se concedió a los demandados para ar-

chivar una contestación enmendada y con la admisión de ciertas escrituras, no existen, a nuestro juicio.

La enmienda se radicó con permiso de la corte más de dos meses antes de la celebración del juicio y la corte no estaba obligada a oir a la parte demandante antes de resolver sobre su admisión, como dicha parte pretende. La contestación enmendada fué notificada a las demandantes desde su presentación, y nada objetaron hasta el propio día de la celebración del juicio en que pidieron su eliminación por el motivo indicado.

Al presentarse la escritura de partición, las demandantes se opusieron porque expresándose que los otorgantes no sabían firmar, tenía que hacerlo un testigo. ·En la escritura se expresa: ''Así lo otorgan y no firman, porque expusieron no saber escribir, lo que hace .a sus ruegos don Hermógenes Alvarez, que en unión de don José Ortiz Llauger fueron a la vez testigos presentes . . . .'' estando firmada por dichos testigos.

Citando el caso de *Aponte* v. *Registrador de Caguas,* 27 D.P.R. 893, resolvió el juez sentenciador la cuestión debidamente así: ''No era necesario que el testigo instrumental que firmó por los otorgantes consignara los nombres y apellidos de las personas por quienes firmó, puesto que los otorgantes no eran más que dos y ninguno sabía escribir, no existiendo ambigüedad.''

Igual error fué alegado en relación con la escritura de venta de la finca en litigio hecha por Ramona Caldas viuda de Morales a favor de Pascual Borrás en 13 de mayo de 1892.

Otros errores en relación con la admisión de las pruebas aparecen en la exposición, pero no se hace de ellos mérito en el alegato de las apelantes.

[3] Se insiste por las apelantes en su alegato en que la corte erró al admitir la deposición de cierto testigo. El error existe. La deposición fué tomada ante un notario y en lugar de haber sido dirigida sellada, bajo sobre o faja,

al secretario de la corte que entendía en el pleito como terminantemente exige el art. 144 de la ley de evidencia, el notario la entregó abierta a uno de los abogados de los demandados.

Ahora bien, entendemos que el error no fué perjudicial tanto porque a virtud de las declaraciones en el juicio del abogado de los demandados a quien se entregó la deposición y del abogado de las demandantes que intervino e hizo las repreguntas y levantó las objeciones, se probó su autenticidad, cuanto y especialmente porque el propio juez sentenciador consigna en su relación del caso y opinión lo que sigue: "Sin embargo, la corte hace constar que la admisión en evidencia de dicha deposición en nada cambiará el resultado a que ha de llegar en la consideración del caso, pues dicha evidencia es prueba acumulativa, por haber declarado sobre los mismos extremos los testigos Juan Ramírez y Emiliano Fernández, quienes merecen entero crédito."

*Debe confirmarse la sentencia recurrida.*